FRITH and others *vs.* CROWELL and others.

The supreme court will not entertain jurisdiction of a complaint alleging that the plaintiffs are the owners of certain property, on which the defendants claim to have a lien for *salvage ;* asking the aid of the court to determine whether such lien exists, and if so, to ascertain its extent, in order that the plaintiffs may redeem; and praying for the appointment of a receiver *pendente lite.*
The court of admiralty is the proper tribunal for that purpose.

THIS was an appeal from an order made by one of the justices of this court, at a special term, directing a reference for the appointment of a receiver *pendente lite.*

*Charles Edwards,* for the plaintiffs.

*Griffin & Larocque,* for the defendants.

*By the Court,* EDWARDS, J. The plaintiffs in this suit allege that they are the owners of certain property described in their complaint, on which the defendants claim to have a lien for salvage; and they ask the aid of this court to determine whether such lien exists, and if so to ascertain its extent, in order that they may redeem their property. They also ask for the appointment of a receiver *pendente lite.*

As a general rule a court of equity will interfere in favor of a party when its aid is necessary to ascertain the extent of a lien, which must be discharged before he can be entitled to redeem his property. But, in the case before us, there are insuperable difficulties in the way of the exercise of such a power. In the first place this is not a proper tribunal to try a question of salvage. This court never has exercised, and as we think ought not to exercise, such a jurisdiction. The court of admiralty is the proper tribunal for that purpose.

The only ground on which it could be contended that this court should exercise a power so foreign to its jurisdiction, and to which its forms of proceedings are so inadequately adapted,

VOL. V. 27

would be the necessity of the case. But no such necessity exists here; or, if it does, it is one which the plaintiffs have created by their own voluntary act. The salvors had libelled the property in question in a court of admiralty. The plaintiffs, by their intervention, prevented that court from interfering, not on the ground of any want of power in the court, but on the ground that the parties were all British subjects.

Under these circumstances we see no reasons why this court should assume jurisdiction in the matter.

The order for the appointment of a receiver must be reversed.